ALFRED COOPER *et al.*, Appellants, *v.* JOHN E. McCLUN *et al.*, Appellees.

### APPEAL FROM McLEAN.

While courts of equity will not enforce the acceptance of a trust, they will, when it is assumed, enforce a faithful execution of it, for the preservation of rights depending upon and deirvable from it.

A failing debtor has a right to prefer one creditor to another, by an assignment of his assets, if he does so in good faith.

A left a promissory note with B, for collection, out of the proceeds of which, when collected, he was to pay C, and such others as A should designate.   A afterwards directed that B should pay C, and certain other parties, naming D, among them.   B was garnisheed, and answered, stating the facts, and was ordered to pay the money in his hands, collected on the note, to other parties than those to whom he promised to pay the proceeds of said note.   *Held*, on a bill filed by C, that he held the said note in trust for C, and that he could not excuse himself for not accounting to C, by reason of the garnishee process and the subsequent orders growing out of it.

On the 5th of March, 1853, plaintiffs in error, complainants below, filed a bill in chancery, in the words and figures following, to wit:

" Your complainants, Alfred Cooper, Benton F. Henderson, and Franklin Cooper, partners, under the name and style of Cooper, Henderson & Co., would represent, that George W. Sandford and Adam Booth, partners, trading under the name and style of G. W. Sandford & Co., on the 28th day of March, 1851, by their promissory note bearing that date, made part hereof, marked ' A,' promised six months after the date thereof, to pay to the order of complainants, at the bank of Missouri, in St. Louis, with current rate of exchange, three hundred and seventy-eight dollars and sixty-eight cents, without defalcation, for value received ; which said note, on the 1st day of October, 1851, was duly presented and protested, for non-payment, by Mann Butler, notary public, as will appear from his certificate, made part hereof, marked ' B ' ; and the said makers thereof have hitherto failed and neglected to pay the same, or any part thereof, to complainants or to their order, and the same, with the interest, cost of protest, etc., remains due and wholly unpaid.

Complainants further charge, that on the 29th of October, 1851, Adam Booth, one of the members of the firm of G. W. Sandford & Co., transferred to John E. McClun, a note of hand on N. B. Newman & Co., dated 1st September, 1851, due four months from date, calling for nine hundred and ten dollars, for the purpose and consideration of securing the payment of said debt of G. W. Sandford & Co. to complainants and others, and the said John E. McClun executed and delivered a written receipt, in substance as follows, viz. :

" Received, Bloomington, October 29, 1851, of Adam Booth, one note of hand on N. B. Newman & Co., dated September 1st, 1851, four months from date, and calling for $910, which I am to hold as collateral security for a debt due by said Booth, Sandford & Co. to Anderson and Shultz, and others, and when paid, I am to apply the same to the payment of said Anderson and Shultz, of Philadelphia, and others that Mr. Booth may designate.

J. E. McCLUN."

And afterwards, to wit: on the 10th day of December, 1851, said Adam Booth directed and designated that the proceeds of said note should be applied, first, to the payment of the debt of Anderson and Shultz, against G. W. Sandford & Co., and secondly, to the payment of complainant's said note against said G. W. Sandford & Co., after which, the whole of the balance to W. H. Brown & Co. ; and the said John E. McClun made a written indorsement to that effect on the back of said receipt, substantially as follows :

"In accordance with the instruction of Mr. Booth, now given me by him, I will pay, from the proceeds of the within described note on N. B. Newman & Co., when the same is collected, as follows, viz. : I will first pay the whole of the debt due to Anderson and Shultz, of Philadelphia; secondly, I will pay a claim due by Sandford & Co. to Cooper, Henderson & Co., (written Cooper, Anderson & Co., through a mistake,) of Philadelphia, supposed by Mr. Booth to be about $360 ; after which, I will pay the whole of the balance to W. H. Brown & Co., of Philaadelphia.                                                  JOHN E. McCLUN.

December 10, 1851."

A copy of which said receipt and indorsement thereon is made part hereof, marked ' C.'

Your complainants charge that the ' claim supposed by Mr. Booth to be about $360,' as expressed in said indorsement, is the said note of three hundred and seventy-eight dollars and sixty-eight cents, due from said G. W. Sandford & Co., to complainants, and made part of this bill as exhibit ' A,' and it was to secure the payment of that note second in order to the debt of Anderson and Shultz, that said directions were given, and said written indorsement made ; and your complainants charge that by the terms of said receipt, and the indorsement thereon, the said John E. McClun obligated himself to pay to the complainants their said note and interest, before he applied any part of the proceeds of the Newman note to payment of W. H. Brown & Co., or any other creditors of G. W. Sandford & Co., except Anderson and Shultz.    Your complainants further charge that the said John E. McClun collected the whole of said note on N. B. Newman & Co., nine hundred and ten dollars, with interest from 1st September, 1851, and by said arrangement he was created a trustee, and bound himself by said writing to execute the trust, and he received and held the proceeds of said Newman note in trust, first, to pay the debt to Anderson and Shultz, (which the complainants charge did not exceed two hundred dollars,) and secondly, to pay said debt to complainants.

And your complainants charge that an equity and right to the funds in said John E. McClun's hands, were thereby created in favor of said Anderson & Shultz, and complainants, prior and paramount to the claims of all others.    And your complainants further charge, that on ―― day of ――, 1851, and at sundry subsequent times, they presented their said note to said John E. McClun for payment, and demanded that he should, out of the said funds in his hands, settle their claim ; and your complainants charge, that after paying the debt to said Anderson & Shultz, he had more than sufficient of the proceeds of the Newman note in his hands to satisfy complainants' said debt, but said McClun has hitherto failed, neglected and refused to comply with his said obligation and undertakings to pay complain-

ants' said debt as aforesaid, has violated the trust which was in good faith reposed in him, and, as a pretext, alleges, that he has paid out the means in his hands to said W. H. Brown & Co., and others who had no right to receive it, and which course was in direct conflict with the letter, spirit and intention of said agreement, and for which said McClun should be held personally responsible to your complainants, as said Brown & Co. were only entitled to receive the balance of said funds after complainants' said debt was paid.

Your complainants charge further, that said G. W. Sandford & Co. are non-residents and insolvent, and they have no other means of making their said debt only as provided for them in said agreement; wherefore, as your complainants are without remedy at law, and only relievable in equity, they pray your honor to take cognizance of their cause, and grant them the appropriate relief, and to the end that justice may be done, they make the said John E. McClun, George W. Sandford and Adam Booth, partners, trading under the name and style of G. W. Sandford & Co., William H. Brown, Isaac C. Jones, Jr. and William H. Howell, partners, trading under the name and style of W. H. Brown & Co., and Anderson & Shultz, whose individual names are unknown to your complainants, defendants to this bill, and required to answer the same on oath, and on final hearing, that said trust be specifically executed and enforced, and that said John E. McClun be ordered and decreed to pay your complainants' said note, three hundred and seventy-eight dollars and sixty-eight cents, with interest from the 28th September, 1851, till paid, and cost, and the costs of this proceeding, or for general relief, for the people, writ of summons, &c."

The note filed with the bill as exhibit " A." is in the words and figures following, to wit:

"$378.68.                                     PHILADELPHIA, March 28, 1851.

Six months after date, we, the subscribers, residing .in Bloomington, Illinois, promise to pay to the order of Cooper, Henderson & Co., at the Bank of Missouri, in St. Louis, with current rate of exchange, three hundred and seventy-eight dollars and sixty-eight cents, without defalcation, for value received.

G. W. SANDFORD & CO."

The receipt, filed with the bill as exhibit " C." is in the words and figures following, to wit:

"Received, Bloomington, October 29, 1851, of Adam Booth, one note of hand on N. B. Newman & Co., dated September 1st, 1851, four months from date, and calling for $910, which I am to hold as collateral security for a debt due by said Booth and Sandford & Co. to Henderson, Shultz and others, and, when paid, I am to apply the same to the payment of said Anderson and Shultz, of Philadelphia, and others that Mr. Booth may designate.          J. E. McCLUN."

"In accordance with the instructions of Mr. Booth, now given me by him, I will pay from the proceeds of the within described note on N. B. Newman & Co., when the same is collected, as follows, viz.: I will first pay the whole of the debt due to Anderson & Shultz, of Philadelphia; secondly, I will pay a claim due by Sandford & Co. to Cooper, Henderson & Co., of Philadelphia, supposed, by Mr. Booth, to be about $360; after which I will pay the whole of the balance of the proceeds of said note to W. H. Brown & Co., of Philadelphia.

December 10, 1851.       J. E. McCLUN."

At the April term, 1853, of the McLean Circuit Court, the following order was made, to wit:

"And now come the complainants, by their solicitors, and pray the court here that the defendants may be ruled to answer in sixty days; and it appearing to the court here that the defendant, John E. McClun, has been regularly served with process herein, and that publication has been duly made against said non-resident defendants, it is, therefore, considered, that said defendants answer the said complainants' bill of complaint within sixty days, and that this cause be continued to the next term of this court."

On the 22nd day of September, 1853, the defendant, John E. McClun, filed his answer in the words and figures following, to wit:

"The separate answer of John E. McClun, one of the defendants to the bill of complaint of Cooper, Henderson & Co.

This defendant, now and all times hereafter, saving and reserving unto himself all benefit and advantage of exception, which can or may be had or taken to the many errors, uncertainties and other imperfection of the said complainants' said bill of complaint contained, for answer thereunto, or unto so much, and such parts thereof, as this defendant is advised is or are material or necessary for him to make answer unto. This defendant answering, says, that he admits it to be true, that on the 29th October, 1851, Adam Booth, one of the firm of G. W. Sandford & Co., placed in the hands of this defendant a note on N. B. Newman & Co., for $910, due four months from date, which note defendant was to hold as collateral security for a debt due by said Sandford & Co. to Anderson & Shultz, of Philadelphia, and others, and when said note should be collected, to be paid by defendant to Anderson & Shultz, of Philadelphia, and others that Mr. Booth should designate. Defendant further answering, admits that on the 10th December, 1851, said Booth directed defendant to pay the avails of said N. B. Newman & Co.'s note, when collected: first, the whole of the claim of Anderson & Shultz, of Philadelphia, against said G. W. Sandford & Co., and secondly, the claim of Cooper, Henderson & Co., of Philadelphia, against said G. W. Sandford & Co., supposed by

said Booth to be $360. After which defendant was directed to pay the whole of the balance of the avails of said N. B. Newman & Co.'s note to W. H. Brown & Co., of Philadelphia, all of which more fully appears by the records on the common law side of this court, in the case of William H. Brown & Co. against G. W. Sandford & Co.

Defendant further says, that on the 24th of February, 1852, W. H. Brown & Co. sued out a writ of attachment in this court, against George W. Sandford & Co.; and that on the 25th of the same month and year, a writ of garnishment was served on this defendant by the sheriff of this county, in said case of attachment, by which garnishment this defendant was required to answer at the April term of this court, 1852, certain interrogatories touching moneys and effects in defendant's hands, belonging to said G. W. Sandford & Co.

And further answering, says, that on the 17th of March, 1852, Peter Weed sued out a writ of attachment against G. W. Sandford & Co., and garnisheed this defendant to answer certain interrogatories touching the moneys and effects in defendant's hands belonging to G. W. Sandford & Co. And defendant further says, that he appeared at the September term of this court, 1852, and answered, on oath, fully and truly all the interrogatories propounded to him by said W. H. Brown & Co., and said Peter Weed, touching the moneys and effects in defendant's hands, belonging to said G. W. Sandford & Co.; all of which fully appears by the record of said cases on the common law side of this court. And defendant further says, that upon the said answers of this defendant in garnishment, it was ordered and adjudged by the court that this defendant should pay over to said W. H. Brown & Co., and Peter Weed, the money in defendant's hands belonging to said G. W. Sandford & Co., amounting to $324, and this court gave judgment therefor against defendant. And defendant further says, that in pursuance of said judgments, defendant paid the said money of $324; all of which fully appears by the records of those cases in this court. And defendant, by way of explanation, further says, that before the aforesaid Newman note was placed in defendant's hands, defendant had a note in favor of Anderson & Shultz, on said G. W. Sandford & Co., for about $211, for collection; and that said Newman note was placed in defendant's hands to secure payment of said note specially, and that before defendant was garnisheed in either of the above named cases, defendant paid, from the avails of the said Newman note, the said claim of Anderson & Shultz." Complainants filed general replication.

At the April term, 1854, of the McLean Circuit Court, Davis, Judge, presiding, decree was rendered in the words and figures following, to wit:

Cooper et al. *v.* McClun et al.

" This cause, at the last term of this court, having come on for trial on bill of complainants, answer of John E. McClun, and the replication thereto ; and the complainant having offered in evidence, without objection, the note referred to in said bill, given by G. W. Sandford & Co. to them, 28th March, 1851, for three hundred and seventy-eight dollars and sixty-eight cents, due six months after date; and having further offered in evidence, without objection, the receipt referred to in said bill as exhibit ' C.,' rested their case. There was no evidence of what Mr. Booth, to whom said McClun had given said receipt, had done with said receipt.

Thereupon the said defendants proved, by the production of the records of the McLean Circuit Court, that William H. Brown, Isaac C. Jones, Jr., and William H. Howell, partners in trade, under the name and firm of William H. Brown & Co., and Peter Weed, regularly sued out writs of attachment, on the common law side of the McLean County Circuit Court, at the times stated in the answer of the said McClun, on which suits judgments were regularly had; that writs of garnishment in said suits were regularly served on said McClun, and the proceedings in said suits were properly had, until the September term, 1852, of the said McLean court, the said McClun filed his answer in each of said suits, one of which answers (the other being alike) was as follows:

Wm. H. Brown,
Isaac C. Jones,
Wm. H. Howell,     In the McLean Circuit Court—October
    *v.*     term, 1852—In attachment.
George W. Sandford,
and Adam Booth.

The answer of John E. McClun to the interrogatories filed against him as garnishee in the above entitled cause :

This respondent answering, says : that on the 29th day of October, 1851, Adam Booth placed in this respondent's hands for collection, one note for $910, on N. B. Newman & Co., for which he gave the following receipt, to wit :

"Received, Bloomington, Oct. 29, 1851, of Adam Booth, one note of hand on N. B. Newman & Co., dated Sept. 1st, 1851, four months from date, and calling for $910, which I am to hold as collateral security for a debt due by said Booth and Sandford & Co., to Anderson and Shultz, and others, and when paid, I am to apply the same to the payment of the said Anderson and Shultz, of Philadelphia, and others that Mr. Booth may designate.

    (Signed)                       J. E. McCLUN."

But afterwards, to wit: on the 10th day of December, 1851, the following indorsement was made upon said receipt, to wit :

"In accordance with the instructions of Mr. Booth, now given me by him, I will pay from the proceeds of the within note, on N. B. Newman & Co., when the same is collected, as follows, to wit : I will first pay all of the debt due to Anderson and Shultz, of Philadelphia; second, I will pay a claim due by Sandford & Co., to Cooper, Anderson & Co., of Philadelphia, supposed by Mr. Booth to be about $360, after which I will pay the whole of the balance of the proceeds of said note to W. H. Brown & Co., of Philadelphia.

(Signed)                           J. E. McCLUN."

That the said Cooper, Anderson & Co., in the said indorsement on the said receipt, was intended for Cooper, Henderson & Co. ; that with the exception of the said mistake, the said receipt and indorsement contain a true and correct statement of the terms, conditions and undertakings upon which the said note was placed in this respondent's hands for collection, and upon which this respondent took the same ; that this respondent has collected the money on said note, and that all the money, after deducting expenses for collection, except the sum of $324, has been paid to said Wm. H. Brown & Co., and Anderson & Shultz ; that the said $324 is now in the hands of this respondent; that this respondent has no other moneys or effects of any sort belonging to the said Adam Booth ; that this respondent is garnishee in three other cases at the suit of Peter Weed against the above defendants, and is required to make this answer in each. And now, having fully answered, this respondent prays to be dismissed.

And that, thereupon, the court gave judgment against said McClun, in favor of said attaching creditors, (apportioning the amounts to their respective judgments) for the sum of three hundred and twenty-four dollars, there being no evidence before said court but the answer of said McClun. And the said defendant further proved that he had paid said judgments against him, and that he had no moneys in his hands belonging to said Sandford & Co., or any of their creditors, which was all the evidence in this cause. And the said cause having been submitted on the foregoing evidence, and the argument of counsel, and the court having taken said cause under advisement, and having considered the cause, now at this day, it is ordered by the court that said bill be dismissed, and that said John E. McClun recover of and from the said complainants, his costs and charges by him about his defense in this behalf expended, and that he have execution therefor."

The plaintiffs in error (complainants below,) assign for error herein, that the Circuit Court erred, to their prejudice, in its decree and proceedings at April term, 1854:

First.   In dismissing their bill in chancery with costs.

Second.   In not sustaining their bill, and thereon decreeing the equitable relief prayed for.

Third.   In not adjusting the rights of priority between the different *cestui que trusts*, and in not marshaling the assets or trust funds received by the defendant, John E. McClun, under the transfer to him, according to the respective rights of the parties, and in not enforcing the express trust of said McClun, according to its terms.

Fourth.   The decree is erroneous in every respect, to the prejudice of the plaintiffs in error, and should be reversed.

J. C. WALKER, for Plaintiffs in Error.

N. H. PURPLE, for Defendants in Error.

SCATES, C. J.   This case seems to present circumstances of hardship, upon the defendants, nevertheless, we think complainants are entitled, by principles of equity and justice, to a recovery.   In the case of *Howell et al.* v. *Edgar et al.*, 3 Scam. R. 417, this court held that a failing debtor has a right to prefer one creditor over another, when he does so in good faith, and the decision, we think, is sustained by the current of authorities.   If this assignment was good, and we see nothing in the record to question it, the plaintiffs took a beneficial interest in equity, under it.   Courts of law will take cognizance of the equitable interests of assignees of choses in action, so as to protect them, to a certain extent, within their power.   *Chapman* v. *Shattuck*, 3 Gil. R. 49.

But it is the peculiar province of a court of equity, to deal with and enforce trusts ;   and while they might not compel a trustee to take upon himself the burthens of a trust, without compensation ;   they would, when voluntarily assumed, compel him to a faithful execution of it, for the preservation of rights depending upon, and derivable from it.   *Switzer et al.* v. *Skiles et al.*, 3 Gil. R. 529 ;   *Cross* v. *Petree*, 10 B. Monroe R. 413.

It is difficult to distinguish this case in principle, and it varies but little in facts, from *Lawrence* v. *Lane*, 4 Gil. 354, where the court held the plaintiff liable to pay the true owner of the debt, although he had been condemned to pay the same to another, by a garnishment on attachment process.   And the court there truly distinguishes that case from the cases of *Holmes* v. *Remsen*, 4 Johns. Ch. R. 467 ;   same on error, 20 Johns. R. 229 ;   *Embree and Collins* v. *Hanna*, 5 Johns. R. 101 ;   *Hull* v. *Blake*, 13 Mass. R. 153, in this, that " in all those cases, the proceedings were against the party whose interests

were to be affected by the judgment or decree, and there was either actual or constructive notice given to the party whose money or effects were to be appropriated, not in payment of another's, but of his own debt. They were contests between creditors of the same debtor, in which garnishees, who owed the debtor, or had effects of his in their hands, had, upon a proceeding, directly against the debtor, under a judgment of a court of competent jurisdiction, been compelled to pay to one, and in which the courts very properly determined, that such payment, or a judgment without payment, would bar any subsequent claim against him for the same demand."

This reasoning applies very forcibly to this case. For this interest in the debt, had already passed by the equitable assignment, to the plaintiffs. And their rights and property are not to be taken from them, and applied to the payment of another's debt, even if he was their assignor in a proceeding in which they were not parties, had no notice, and could not have been heard. The judgment cannot bind them, nor determine their rights. *Allen, administrator, etc.,* v. *Dundas,* 3 Term R. 125, sustained payment to the executor of a forged will, after probate, and before repeal of the probate. The court had jurisdiction of the subject matter, and while the probate remained, the party was executor *de facto,* and a payment to him was held good, as being under the sanction of the law, as to the proper person to receive it. But in *Myers* v. *Unch,* 1 Binney R. 25, a payment under a garnishment on attachment, made without taking the stipulation required by statute, was not sustained, as made under the process of law.

In this case, the property passed by the assignment, and direction, and from that time, if afterwards assented to, and could not be taken for the assignor's debts. It was so noted in *Wilt* v. *Franklin, assignee. etc.,* 1 Binn. R. 502; and also in *Lippincott et al.* v. *Barker,* 2 Binn. R. 174, upon the performance of the condition, to wit, the execution of a release, and took effect from such acceptance. Judge Story held such assignment good, against a subsequent attachment of creditors; although none of the creditors were parties to the original assignment, it was held sufficient that they afterwards assented. *Brown and Ives* v. *Minturn and Champlin,* 2 Gallison R. 557.

Under these views, it is very clear, that the interest in the moneys due on the note assigned to defendant, passed equitably to the plaintiffs by the assignment and subsequent direction of payment. Defendant accepted the trust voluntarily, entered upon the discharge of its duties, and gave his written promise to pay over the proceeds in part, to plaintiffs. Without discussing or determining the merits of the judgments on the

garnishments, we are of opinion that these moneys belonged to plaintiffs, and were not subject to or liable for the debts of the assignors. Plaintiffs were not parties nor privies to those proceedings, and are not concluded or bound by them, nor the adjudication of the ownership of the property, and may therefore assert their rights by bill in equity, to compel the performance of the trust by the defendant.

Decree will be reversed and the cause remanded for further proceedings.

*Decree reversed.*

SKINNER, J., DISSENTING. Sandford and Booth owed Cooper, Henderson & Co., and gave to McClun, a note in their favor, on a third person, with directions to collect the same, and pay a portion of the proceeds thereof to Cooper, Henderson & Co. McClun collected the note. Creditors of Sandford and Booth, sued out of the McLean circuit court, writs of attachment against their effects, and obtained judgment in such attachment suits. In those suits, McClun was garnisheed, answered, setting up the facts, judgment was rendered against him, for the moneys, the proceeds of the note in his hands, and he paid the judgment. The money being paid by compulsion of law and without fraud, I think the law will not compel him to pay it again.

I therefore cannot concur with the majority of the court, in reversing the decree of the circuit court.