## Julius Lipman

v.

## William Link et al.

1. Attachment Creditor Garnishing Citizens of Another State—Assignment.—A delivered to B a voluntary deed of assignment, made under and in conformity with the laws of New York, where it was executed. B, the assignee, accepted the trust and took possession of all the property, effects and estate of A. The day after the assignment, C sued out a writ of attachment against A in Chicago, and garnished D and others who were residents and citizens of Illinois, and who were indebted to A in divers sums of money on open accounts. A, B and C were residents and citizens of New York, where they did business. The assignee came in by way of interpleader, setting up the facts in the case and claiming the funds as such assignee. There was no creditor of the attachment debtor, who was a citizen or resident

of Illinois, to question the operation of the assignment upon the funds afore-said, in the hands of the garnishees. *Held*, that said assignment was opera-tive as against the attachment creditor prosecuting his remedy in this State.

2. ASSIGNMENT OF ANOTHER STATE PREFERRING CERTAIN CREDITORS.— It is not against the public policy of this State to recognize such assignment, although it provides for preferences as permitted under the New York law. At common law a debtor in failing circumstances had the right to prefer one creditor over another, and the provision in our statute against preferring creditors has no relevancy to any assignment made out of this State.

APPEAL from the Superior Court of Cook county; the Hon. KIRK HAWES, Judge, presiding. Opinion filed December 8, 1886.

Mr. E. A. OTIS, for appellant; as to the *situs* of a debt, cited Wharton on Conflict of Laws, 359; Kirkland v. Hotchkiss, 100 U. S. 419; Speed v. May, 17 Penn. 91; Caskie v. Webster, 2 Wall. 131; Guillander v. Howell, 35 N. Y. 657; Atwood v. Protection Ins. Co., 14 Conn. 555.

As to the distinction between a voluntary and an involun-tary assignment : Story on the Conflict of Laws, § 411; Rhawn v. Pearce, 110 Ill. 350; B. & O. R. R. Co. v. Glenn, 28 Md. 287.

A voluntary assignment of choses in action, valid by the laws of the State where it is made, will be sustained as against the claims of an attaching creditor residing in the same State as the assignor: Burrill on Assignments, § 310; Meyer v. Alex-ander, 108 Ill. 385; Chaffee v. Fourth Nat. Bk., 71 Me. 514; Story on the Conflict of Laws, § 512; Bentley v. Whittemore, 19 N. J. 462; Ockerman v. Cross, 54 N. Y. 29 ; Green v. Van Buskirk, 7 Wall. 139; Thurston v. Rosenfield, 42 Mo.; Train v. Kendall, 137 Mass. 366.

Messrs. McCLELLAN & CUMMINS, for appellees; that courts refuse to give effect to contracts which contravene the laws or policy of their own State, cited Wharton on Conflict of Laws, § 490 ; Story on Conflict of Laws, § 327 ; Forbes v. Cochrane, 2 B. & C. 448–471 ; Smith v. Godfrey, 8 Foster (N. H.), 382 ; Meservey v. Gray, 55 Me. 540 ; Milnor v. N. Y. R. R. Co., 53 N. Y. 367 ; Harrison v. Sterry, 5 Cranch, 298 ; Pardo v. Bingham, 6 Eq. 485.

A foreign assignment is of no force or effect in this State except by comity. It is the settled policy of this State that comity will not be exercised to defeat the rights and remedies of attaching creditors who are citizens of this State. The rights of citizens of any other State bringing suit by attachment in this State, must be governed by the same rule in compliance with the first clause of section 2, article 4 of the federal constitution: Meyer v. Alexander, 108 Ill. 394; Rhawn v. Pearce, 110 Ill. 350; Hibernia Nat. Bk. v. Lacomb, 84 N. Y. 367; Payne v. Lester, 44 Conn. 196; Kidder v. Tufts, 48 N. H. 121; Green v. Van Buskirk, 7 Wall. 139; Warner v. Jaffray, 96 N. Y. 258; Ward v. Maryland, 12 Wall. 430; Slaughter House Cases, 16 Wall. 75; Corfield v. Coryell, 4 Washington C. C. R.; Paul v. Virginia, 8 Wall. 180; Ducat v. City of Chicago, 48 Ill. 178.

McALLISTER, P. J. The material facts well pleaded in the interplea of appellant to which the court below sustained a demurrer, are, that the respective persons summoned as garnishees were citizens of this State doing business in the city of Chicago; that they had purchased goods of, and become indebted to, the firm of Kossuth, Marx & Co., who were citizens and residents of the State of New York, in divers sums of money, upon open accounts; that said firm of Kossuth, Marx & Co. had become indebted to the firm of Link & Conkling, also citizens and residents of said State of New York, and to other creditors, in divers large sums of money, which they were unable to pay; that September 4 1885, they, said Kossuth, Marx & Co., in said State, and in all respects in pursuance of the laws thereof, made and delivered to appellant Lipman, also a citizen and resident of said State, a voluntary deed of assignment whereby they conveyed and transferred to said Lipman all the property, effects and estate of them, the said Kossuth, Marx & Co., including their said claims against said garnishees in trust, for the benefit of their creditors, but to some of whom preferences were given; that said assignee then and there duly accepted the said trusts under said deed, and that thereupon the same became valid

and operative by the laws of New York, in accordance with whose laws it was made.

It appears that on the next day, September 5, 1885, said firm of Link & Conkling caused a writ of attachment against said Kossuth, Marx & Co., to be sued out of the court below, and there being no property of defendants capable of seizure found by the sheriff, said several persons first above mentioned were served as garnishees; that said assignee, Lipman, came in by way of interpleader, setting up the above matters and notice to the respective garnishees of said assignment, and claimed the funds in the hands of said garnishees, as belonging to him by virtue of said assignment. To that pleading the court below sustained the general demurrer of said attaching creditors and gave judgment in their favor, from which the assignee, Lipman, took this appeal.

By that ruling the court below held, in effect, that although the assignment was a voluntary one; was made under and in conformity with the laws of the State of New York where it was executed; that although the funds in the hands of the several garnishees were due upon open accounts to the defendants in the attachment, and payable to them in the State of New York, of which State they were citizens and residents, as well also the said plaintiffs in the attachment and assignee; and although there was no creditor of said attachment debtors who was a citizen or resident of the State of Illinois to question the operation of said assignment upon the funds aforesaid, in the hands of the garnishees; that yet, notwithstanding the facts stated, said assignment was not operative as against said attachment creditors prosecuting their remedy in this State.

The question is whether, upon the precise facts stated, the decision below is sustainable.

It is a general rule that contracts valid by the laws of the State or country where they were made and to be performed, are valid everywhere. This rule springs from and is based upon principles of enlightened jurisprudence among civilized nations, and not from any constitutional provisions. It is likewise a general rule, that although the courts of a country may be open alike to all suitors, whether citizens, subjects or aliens,

yet such courts will not afford a remedy upon a foreign con-
tract, even if valid by the laws of the country where made, if
to enforce it would be against the positive law or public policy
of the country of the former.    This is because the privilege
of coming into such courts exists by comity, and is subject to
conditions imposed by the country extending it.    Our federal
constitution contains the declaration: " That the citizens of
each State shall be entitled to all the privileges and immuni-
ties of citizens of the several States."

That provision confers upon citizens of one State the right
to go into the courts of another State, the same as the citizens
of the latter are entitled to.    But, while it may modify the
doctrine of comity between the States in many particulars, yet
it has never been regarded as abrogating it altogether.

In Heyer et al. v. Alexander et al., 108 Ill. 385, there was
a voluntary assignment made in the State of Missouri by an
assignor to an assignee, both being citizens and residents of
that State, covering real property situate in the State of Illi-
nois; but the assignment was in trust for the benefit of the
creditors of the assignor.    In attachment proceedings brought
in the Circuit Court of East St. Louis, by a creditor of the
assignor and citizen and resident of this State, the assignee
came in as interpleader, claiming the property by virtue of
the assignment which was valid by the laws of the State of
Missouri.    The Supreme Court said : " The question is, will
our laws permit that trust to be unconditionally enforced as
against his creditors resident in this State ?    This conveyance
is only valid by the comity between the States, and the same
comity in some cases imposes terms upon the conveyance for
the protection of the inhabitants of the State where the prop-
erty to be affected is situated.    In some of the States it has
been held that a deed of assignment by a non-resident debtor
to a trustee for payment of debts, will not be enforced against
creditors in the State where the land is situated;" citing Chaf-
fee v. Fourth National Bank, 71 Maine, 514, in which one
point decided by the Supreme Court of Maine, was that
" Comity between the States is not thus to be extended, to the
prejudice of our citizens."

The case of Heyer v. Alexander, *supra*, was decided against the assignee interpleading, solely on the ground that the plaintiff in the attachment was a citizen and resident of this State—a domestic creditor of the assignor, and that the former may have given credit to the latter, on account of the very property in question situated in this State.

The case in hand is entirely wanting in any such element or feature.

The case of Rhawn et al. v. Pearce et al. 110 Ill. 350, is also unlike this case and has no application as an authority. *There* the assignment was *in invitum* under the insolvent laws of Pennsylvania. *Here*, it was by a *voluntary* deed. The distinction between the two classes of cases is marked and emphasized in the opinion of Mr. Justice Craig, in that case, and is well settled by the authorities.

In Burrill on Assignments, § 303, the learned author says: " It may be primarily observed that there is a clear and well defined distinction, supported by the weight of American authority, between *involuntary* transfers of property, such as work by operation of law under foreign bankrupt assignments and insolvent laws, and a *voluntary* conveyance." The case of Rhawn v. Pearce, *supra*, involved an *involuntary* assignment; the case at bar a *voluntary* transfer. In the former case the supposed transfer in Pennsylvania being involuntary, so far as the debtor was concerned, and effected by operation of the statutes of that State, it was regarded here as if it had never taken place. Hence the case involved, in reality, only the question whether, the debtor and creditors both being citizens and residents of Pennsylvania, the latter had the right to come into our courts and reach by garnishee process a debt due from one of our citizens to the said debtor. No advance beyond established land-marks of the law was needed, and none was attempted by the able and discriminating judge who prepared the opinion of the court in that case.

Under the privilege and immunity clause of the constitution above quoted, Lipman, the assignee in New York, was entitled to come into the cause by way of interplea, the same as any citizen of this State would be, and if there exists here

Lipman v. Link.

no rule of positive law or of public policy which forbids, and there is no creditor of the assignors who are citizens or residents of this State to be prejudiced by the enforcement of the trusts of the assignment, then the assignment should be recognized as operative against the attaching creditors. On the other hand, said attaching creditors, although citizens and residents of the State of New York, had, under the same constitutional provision, the right to resort to our courts, and sue out a writ of attachment, the same as any of our citizens might. But to say that doing so made them citizens, residents or domestic creditors here, within the doctrine of the case of Heyer v. Alexander, *supra,* would be an unbecoming resort to pure fiction, as a substitute for indispensable facts.

Thus far, we are unable to perceive any reason that has a tendency to support the ruling of the court below. But it is contended by counsel for appellees, that because said assignment in New York provided for preferences, its recognition here would be against the public policy of the State.

It was the settled law in this State, that at common law a debtor in failing circumstances had the right to prefer one creditor over another, where he did so in good faith. Howell v. Edgar, 3 Scam. 417; Cooper v. McClun, 16 Ill. 435.

In 1877 an act was passed entitled, An act concerning voluntary assignments, etc., of which section 13 is as follows: "Every provision in any assignment hereafter *made in this State,* providing for the payment of one debt or liability in preference to another, shall be void, and all debts and liabilities within the provisions of the assignment shall be paid *pro rata* from the assets thereof."

We are aware of no other statutory provision relating to the subject; and that just quoted has no relevancy to any assignments made out of this State, because it is in terms limited to such as are made in this State.

The right of a failing debtor to create, in good faith, preferences as to his creditors, being one arising at common law, it will require something beyond the provision above quoted, to afford a proper basis for the supposed rule of public policy.

And we agree with the court of errors in New Jersey, in Bentley v. Whittemore, 19 N. J. Eq. 462, that in order to support the contention of appellees here, it is necessary that the statute of this State should prohibit preferences between non-resident creditors under an assignment legal by laws of the debtor's domicile. Burrill on Assignments, § 310, and authorities cited.

Upon the whole case, we are of opinion that the ruling below is not sustainable; that the judgment should be reversed and the cause remanded, with directions to that court to overrule said demurrer to appellant's interplea.

Judgment reversed.