Wise *v* Hilton.

WISE, *plaintiff in error vs.* HILTON.

A note, or other engagement which may be enforced at law, whether negotiable, or not, given to a third person by the appointment and direction of the creditor, is a discharge of the debtor from an *existing* simple contract debt.

A trustee judgment is no protection to the trustee, against the claims of the person whose effects or credits were in his hands, unless it has been satisfied.

The disclosure of a trustee is not admissible evidence for him in another action in favour of one not a party to the trustee-process.

IN a writ of error to reverse a judgment of the Court of Common Pleas, the case was thus.

*Daniel Wise*, the plaintiff in error, brought an action of *assumpsit* against *Hilton* for the price of a sleigh, sold and delivered. The writ contains the common money counts, and an *insimul computassent.* It appeared that in consideration of the sale, the plaintiff told the defendant he might draw an order for the amount of the price, on *George W. Bourne*, payable to *John Wise*, in goods, at ten days' sight ; which was done ; the defendant promising the plaintiff that if *Bourne* should not accept and pay the order, he would himself immediately pay the money to the plaintiff. No receipt or discharge was given by the plaintiff to the defendant. *John Wise* presented the order to *Bourne*, who refused to accept it. He then presented it for payment to the defendant, who said he would pay it to him in a few days.

Afterwards the order being still in the possession of *John Wise*, the defendant was summoned as his trustee, at the suit of *Thomas Drew* and others; in which suit he disclosed the drawing of the order as above mentioned ; stated that he had received notice of its being dishonored ; that he had subsequently promis-ed to pay it to *John Wise* ; and that he had no knowledge of its having been transferred. Hereupon he was adjudged the trus-tee of *John Wise* ; but he had paid nothing under that judgment ; nor had any *scire facias* been issued against him. The plaintiff objected to the admission of this evidence, but the objection was overruled. It further appeared that after the service of the trustee process, the plaintiff presented the order to the defen-dant, requesting him to take it back, and give a new one, paya-ble to the plaintiff himself ; and that before making his disclos-ure the defendant was requested by the plaintiff's counsel fully to disclose all the facts before stated.

Upon this evidence *Whitman C. J.* ruled that the plaintiff's action was barred ; and the verdict and judgment in the court below were for the defendant ; which the plaintiff now sought to reverse.

*Daveis*, for the plaintiff in error, contended that the order was no bar to the action ; but was a mere accommodation paper, which the plaintiff was willing should be paid to one of his rela-tives, in charity. The payee named in the order was the agent of the plaintiff ; and between him and the defendant no privity was created. Not being a negotiable security, it was no dis-charge of the debt till paid. 9 *Johns.* 310. *Rhodes v. Barnes* 1 *Burr.* 9. *Tobey v. Barber* 5 *Johns.* 68. *Putnam v. Lewis* 8 *Johns.* 389.

He also insisted that the disclosure in the trustee process was improperly admitted, it being only the declaration of the defen-dant, himself in a cause in which the present plaintiff was not a party. It was also evidently collusive, and intended to defeat the plaintiff's claim, as it suppressed material facts which were within the knowledge of the trustee.

Wise *v.* Hilton.

*E. Shepley*, for the defendant, argued that the order, and the relations created by it, were a substitute, by law, for the original debt ; as it gave a right of action to a third person, instead of the plaintiff ; a right, too, which the plaintiff could not afterwards control. The cases where the giving of a promissory note is no extinguishment of a verbal contract, are where the note was between the same parties. But where it is not so, the verbal contract is merged in the note. *Varner v. Nobleborough* 2 *Greenl.* 121. *Johnson v. Johnson* 11 *Mass.* 361. *Wiseman v. Lyman* 7 *Mass.* 286.

As to the disclosure ; it was part of the evidence of payment, and, as such, was admissible ; as would be the record of a judgment recovered by the indorsee of a note against the maker, in a subsequent suit by the payee.

WESTON J. at the ensuing term in *Cumberland*, delivered the opinion of the court.

The plaintiff had a cause of action against the defendant, which still exists, unless it has been discharged or extinguished. It is contended that it has been so, as between these parties, by the order given in *January*, 1826, and what took place afterwards. At common law, one simple contract is not discharged by another. But an exception to this rule has been established in Massachusetts, and in this State ; it being held that the giving of a negotiable note, in consideration of an existing simple contract, discharged the contract for which it was substituted. The reason upon which this exception is founded, is, that otherwise the party might be twice charged ; upon the original debt, and upon the note, in the hands of an indorsee. A note or other engagement, which may be enforced at law, whether negotiable or not, given to a third person, by the appointment and direction of the original creditor, ought, for the same reason, to have the same effect. It is an assignment of the debt, with an express promise by the debtor to pay to the assignee, to whom alone he ought subsequently to be chargeable ; that he may not be subject to two suits, and a double liability. If therefore the debt, for which this action is brought, has been assigned to *John Wise*, and the

defendant is, or was, legally obliged to pay the debt to him, he cannot be holden to the plaintiff. But we do not find this fact sufficiently proved, from any evidence in the case. The plaintiff received from the defendant an order for certain goods, payable to *John Wise* ; but whether for his benefit, or for the use of the plaintiff, does not appear. If the order had been given by the defendant, by the plaintiff's direction, to the payee therein named, and he had been beneficially interested in it, and the party on whom it was drawn had failed to pay it, upon notice given, a cause of action would have accrued to the payee against the defendant, upon a promise implied by law, the obligation of which would not have been increased by the express promise, proved to have been made by the defendant. But the order, although made payable to *John Wise*, was given to the plaintiff, the defendant promising at the time, if it was not accepted and paid, he would immediately pay the money, not to the payee, but to the plaintiff. These facts seem to render it probable that *John Wise* was merely the agent of the plaintiff in the business, and that the latter continued the real creditor. The subsequent possession of the order by *John*, is not inconsistent with this assumption ; as that possession might be in the character of agent. If not accepted and paid, the defendant had promised to pay the plaintiff the amount of his debt, and he is not discharged from his liability, unless he entered into a legal obligation to pay the money to *John*, by the plaintiff's direction. But whether this is, by just inference, negatived or not by the facts in the case ; there is no sufficient proof that the defendant had ceased to be the debtor of the plaintiff, and had become the debtor of *John Wise*. On a further trial this fact may be established, and the defence thereupon sustained.

The proceedings in the case, in which the defendant was summoned as the trustee of *John Wise*, at the suit of one of his creditors, cannot affect the rights of the plaintiff ; he being no party to that suit. A trustee judgment satisfied, protects the trustee from being held answerable to the party, whose trustee he has been adjudged to be ; that party being the principal defendant in the suit, in which such judgment is rendered. But

the plaintiff was a stranger to the process, exhibited in evidence by the defendant. The disclosure there made, might have been used in another cause as evidence against him ; but could not be adduced for him. They are his own declarations, verified indeed by his oath, but not from that circumstance entitled to be received as evidence in his favor. It would be making the defendant a witness in his own cause. The judge instructed the jury that the drawing the order, and the facts connected with it, and the disclosure of the defendant, and the proceedings in the trustee process, were a bar to the plaintiff's action. We are very clear, that the disclosure, and the trustee judgment, did not bar the plaintiff. Whether the drawing of the order, and what followed thereupon, will legally have this effect, will depend upon the fact, whether the party, to whom it was directed to be paid, was beneficially interested therein, or the mere agent of the plaintiff ; and this fact was not left to the consideration of the jury.

For these reasons, the judgment is reversed ; and a new trial ordered at the bar of this court.