## FELIX ARGENTI, Respondent, v. SAMUEL BRANNAN, Appellant.

C. sold a lot of lumber to B., and A. who claimed it, notified B. that the lumber belonged to him, and brought an action to recover the price. *Held*, that the notice and the form of action recognized the right of C. to sell the lumber.

There was no privity of contract between the plaintiff and the defendant. C. was *pro tanto* the agent of A., and was entitled to collect the price, and the mere notice of A. to B. was insufficient to interrupt the completion of the performance of the contract between C. and B.

APPEAL from the District Court of the Fourth Judicial District, San Francisco County.

Assumpsit for goods sold and delivered. On the 3d day of August, 1853, the defendant entered into a written contract with one Samuel Strong, by which Strong agreed to sell to the defendant a certain quantity of lumber, to be used in the construction of a building which the defendant was about erecting in San Francisco.

In pursuance with the terms of the contract, Strong delivered the lumber by the first of September following, and took Brannan's note, payable to himself, for the payment of the purchase money, amounting to $4,056.24.

On the 6th day of September, Brannan paid Strong on the note $1,000, and on the 13th of October paid him the balance.

The lumber was not the property of Strong, but actually belonged to the plaintiff, who suffered it to be delivered to the defendant under the supposition that Strong was acting merely as an agent.

The lumber was regularly charged to the defendant in the plaintiff's books, without any knowledge of the contract which had been entered into by Brannan with Strong.

After the first payment upon the note, and before the residue was paid to Strong, and before the lumber was used, the plaintiff notified Brannan that the lumber belonged to him, and demanded of him the balance due of the purchase money, which demand was refused by Brannan, who afterwards paid the amount to Strong.

Until the whole of the lumber had been delivered, and until Brannan received the notice from the plaintiff, he was totally ignorant that Strong did not own the lumber.

The cause was tried by the Court, who found the facts above stated, and gave judgment for the plaintiff in the sum of $3,056.24.

Defendant appealed.

*Gregory Yale*, for Appellant.
No brief on file.

*Brosnan & Groat*, for Respondent.

To the point that there had been a conversion of the lumber by the defendant cited 9 Bac. Ab, 630, Title, Trover. McCombie *v.* Davis, 6 East., 538. Hill *v.* Davis, 3 N. H., 384. Porter *v.* Foster, 7 Shep., 391. Powell *v.* Hoyland, 2 Eng. Com. L. and Eq., 362. Hyle *v.* Gray, 11 Ala., 233. Harris *v.* Saunders, 2 Strob. Eq., 370. Young *v.* Marshall, 8 Bingh., 43. Cummings *v.* Verce, 3 Hill, 282. Pierce *v.* Hill, 9 Porter, 151. 5 Denio, 370. 1 Mo., 430. 7 How. Pr. R., 278.

Even if Strong was acting merely as an agent, Brannan is liable for the money, because he paid the agent after a demand made upon him by the principal. Moore *v.* Clemenston, 2 Campb., 22. Gardiner *v.* Davis, 2 C. and P., 49. Hagan *v.* Short, 24 Wend., 458. Maanss *v.* Henderson, 1 East., 335. Baring *v.* Corrie, 2 B. and Ald., 137.

HEYDENFELDT, J., delivered the opinion of the Court. MURRAY, C. J., concurred.

There was no privity of contract between the plaintiff and defendant. The latter purchased from Strong and knew him alone, and this cannot be relieved by a mere notice from the plaintiff that the lumber belonged to him. The notice at least recognized the right of Strong to sell the lumber, and so does the form of the action. *Pro tanto*, Strong was the agent of the plaintiff without having disclosed his agency, and was entitled to collect the purchase price. The mere notice of Argenti to the defendant was insufficient to interrupt the completion of the performance of the contract. The defendant had the right to disbelieve it and disregard it. He had assumed a liability to another. His duty was to fulfil it, unless legal steps had been taken to prevent him.

Judgment reversed and cause remanded.