Decided at PENDLETON, 13-August, 1898.

## MULLANEY *v.* EVANS.

[ 54 Pac. 886 ]

RATIFICATION OF ACTS OF AGENT.— Plaintiff by bringing an action for the balance due under a contract for the sale of certain chattels, and defendants by accepting the chattels and paying part of the purchase price therefor, each with full knowledge of the transaction, ratified the contract, notwithstanding that their respective agents who executed it acted without authority.

HARMLESS ERROR.— The admission of the testimony of a party that she did not sign a contract in writing, though not material, is not reversible error, where the contract itself is introduced in evidence and discloses on its face that she did not sign the same.

EVIDENCE.— Plaintiff may, in support of her contention that the money due on a sale of her property by her agent should have been paid to her instead of to a garnishing creditor of the agent, testify that the purchasers paid her through such agent a certain amount on account of the purchase.

HARMLESS ERROR.— Where evidence tends to disprove the claim of the party offering it, it is harmless, even though inadmissible.

EVIDENCE—SALES.— It is competent for the purpose of establishing the plaintiff's right to recover the balance of the purchase price due under a contract of sale executed by her husband acting as her agent to show that the property sold belonged to her.

LIABILITY OF GARNISHEE.— A purchaser of property under a contract with the .owner's agent is not protected against the claim of the owner for the purchase price by payment to a creditor of the agent under a garnishment judgment, where he knew of the plaintiff's ownership of the property and claim to the purchase price in time to have so stated in the answer to the garnishment but did not do so.

INCONSISTENT INSTRUCTIONS.— Appellant cannot complain of the inconsistency of different instructions where the inconsistency resulted from the giving of instructions proffered by him which were not germane to the issue.

From Malheur :   MORTON D. CLIFFORD, Judge.

Action by Louise W. Mullaney against R. T. Evans, A. S. Evans, and H. Curtner, co-partners as Evans & Curtner.   From a judgment in favor of plaintiff, defendants appeal.

AFFIRMED.

*Mr. William Smith* for appellants.

*Messrs. John L. Rand* and *Lionel R. Webster* for respondent.

MR. CHIEF JUSTICE MOORE delivered the opinion.

This is an action by Louise W. Mullaney against R. T. Evans, A. S. Evans, and H. Curtner, co-partners as Evans & Curtner, to recover the sum of $1,670, the balance due on account of the alleged sale and delivery of a quantity of hay by plaintiff to defendants.   The de-

fendants, after denying the material allegations of the complaint, allege that, with plaintiff's knowledge, her husband, E. F. Mullaney, entered into a contract with them, whereby he sold and delivered to them a quantity of hay, the price of which, prior to September 20, 1895, they had fully paid, except the sum of $1,670; that about October 1, 1895, the First National Bank of Winnemucca, Nevada, commenced an action in the circuit court of Malheur County against said E. F. Mullaney to recover the sum of about $12,000, and caused said debt to be attached by the sheriff of said county, to whom they delivered a certificate acknowledging that they were indebted to said E. F. Mullaney in the sum of $1,670; that such proceedings were had in said action that judgment was rendered against Mullaney for the amount demanded, and against defendants for the amount so admitted to be due from them to him, which sum, prior to the commencement of this action, they had fully paid to said bank. The plaintiff, having denied in the reply the material allegations of new matter contained in the answer, alleged that at the time said contract was entered into defendants knew that she was the owner of said hay, and entitled to the proceeds derived from the sale thereof, notwithstanding which they conspired with said bank to deprive her of the money arising therefrom, and falsely furnished said certificate, well knowing that said sum of $1,670 was payable to her; that plaintiff notified defendants, after they had furnished said certificate, and long prior to the rendition of judgment in said action, that the statement that they were indebted to E. F. Mullaney was false, but they refused to amend or correct such certificate. Upon these issues a trial was had, resulting in a verdict in plaintiff's favor for the amount demanded, whereupon defendants moved the court for judgment in their favor *non obstante;* but, the

motion being denied, judgment was rendered upon the verdict, and defendants appeal.

It is contended by defendants' counsel that their clients entered into an agreement with plaintiff's agent, E. F. Mullaney, which they have so kept and performed as to preclude him from maintaining an action for the recovery of the balance claimed to be due, and that, such contract having been consummated with plaintiff's knowledge, her right of action thereon is also barred. The contract in question purports to have been entered into between Evans & Curtner, parties of the first part, and E. F. Mullaney, the party of the second part; but the name of one Frank Maxey is subscribed thereto with the party of the second part, but the instrument contains no recital of any authority by which the latter appended his signature. The manner of executing the contract, however, is unimportant, for plaintiff, by bringing an action for the balance due thereunder, and defendants by accepting the hay, and paying E. F. Mullaney a part of the purchase price, each with full knowledge of the transaction, have thereby ratified the agreement, notwithstanding their respective agents may have acted without authority : *Argenti* v. *Brannan*, 5 Cal. 351 ; *McDonald* v. *Mining Co.*, 13 Cal. 220. Parol testimony is inadmissible to discharge Mullaney, if he executed the contract for plaintiff without disclosing his principal to the defendants, in which case they have the right to elect whether they will hold him or his wife to a performance of the agreement : *Barbre* v. *Goodale*, 28 Or. 465 (38 Pac. 67, and 43 Pac. 378). But the hay agreed to be sold having been delivered to defendants, in pursuance of the contract, plaintiff, by its ratification, has fully complied with all the terms imposed upon her, whereupon it devolved upon defendants to keep their engagements by paying the amount agreed upon ; and

it can be of no consequence to them whether this sum is payable to plaintiff or to her husband. If E. F. Mullaney had owned the hay, and, after having sold and delivered it to defendants, he had assigned the account to plaintiff, for a valuable consideration, prior to the attachment, she would undoubtedly have been entitled, under the very liberal provisions of the married women's act of this state, to recover from them the amount due under the contract, or if they had been notified of such assignment after they had given their certificate, but before the judgment was rendered, they might have been relieved from all liability to the bank. So, too, if they knew that plaintiff was the owner of the hay and entitled to the proceeds arising from its sale, notwithstanding which they admitted in their certificate of garnishment that they were indebted to her husband therefor, such admission ought not to relieve them from their liability to plaintiff, for defendants occupied towards all these parties the relation of a stakeholder, which should have compelled them to maintain an indifferent position as to whom they paid for the hay, and hence they could not debar plaintiff of her right to recover its price by admitting that they owed her husband therefor.

With these preliminary observations, we will examine the errors relied upon to secure a reversal of the judgment. Plaintiff, appearing as a witness in her own behalf, testified, in substance, that she sold the hay to defendants, and that the contract evidencing the transfer thereof was reduced to writing; whereupon her counsel asked the following question: "Did you sign any contract in writing, Mrs. Mullaney?" This question was objected to on the ground that it was incompetent, irrelevant, and immaterial, and because the evidence showed that the agreement was signed for her, and with her knowledge. The objection being overruled, and an ex-

ception allowed, the witness answered, "No, sir; I did not." This answer may not have been very material, but we fail to see how it was prejudicial, or was calculated to mislead the jury; for the contract, having been offered in evidence, disclosed the fact that it was not signed by plaintiff, so that the testimony objected to was corroborative of the writing only.

This witness, over defendants' objection and exception, was allowed to answer the following question: "Mrs. Mullaney, you may state whether or not the defendants paid you any money for that hay, and, if so, how much, and when?" To which she replied, "They paid me $625 on hay." It is insisted that this question and the answer thereto furnished a method of proving by parol the non-performance of a written contract, without having established by proper legal proof any liability of th ; defendants to pay under the agreement. Defendants, by their answer, admitted that they made the contract in question, and this averment established their liability. They also alleged that $1,670 was the balance due on account of the purchase of the hay, and this admission showed that a payment of the amount so testified to by plaintiff had been made by them, but they maintain, however, that this payment was made to E. F. Mullaney, while plaintiff insists on this money having been paid to her through her husband on account of her alleged sale. The real question in the case is, to whom was the admitted balance payable? Under the allegations of the complaint and reply, we think the testimony admissible as tending to establish plaintiff's theory of the case, even if the money so received was paid by defendants to her husband.

The contract having been identified by plaintiff, she was permitted, over defendants' objection and exception, to answer the following question in relation to the per-

sons present when the agreement was entered into, viz. :
" You may state whether or not at that time the firm of
Evans & Curtner, or either of the partners of that firm,
were present? " To which she replied, "They were not."
The object of the question, as we understand it, was to
show that defendants, at the time the contract was exe-
cuted, had knowledge that plaintiff claimed to own the
hay ; and, plaintiff's averment to that effect being in
issue, the inquiry was admissible, but, as a matter of
fact, her evidence tended to disprove the issue, so that,
in any event, its admission could not have been preju-
dicial.

E. F. Mullaney, being called as a witness for plaintiff,
testified in relation to the sale of the hay by his wife,
whereupon he was asked the following question : "Whose
hay was it that she sold, Mr. Mullaney ?" and over de-
fendants' objection and exception he was permitted to
answer, " Mrs. Mullaney's." It is insisted that, as the
contract was in writing, and signed by Mullaney, it is
unimportant whether the hay was owned by him or his
wife, and hence this question was immaterial, and tended
to mislead the jury to defendants' prejudice. The point
contended for might, perhaps, be well taken if this were
an action by defendants against Mullaney to recover
damages resulting from a breach of his agreement to de-
liver the hay ; but plaintiff's right of action being pre-
dicted on her alleged ownership, the question was im-
portant, and the answer thereto material.

The court having charged the jury to the effect that if
defendants, when they made their answer to the notice of
garnishment, knew or had reason to believe that plaintiff
owned the hay, or claimed the balance due thereon, it
was incumbent upon them to have so stated the fact ;
but, if they neglected so to certify, they were not pro-
tected by the judgment rendered against E. F. Mullaney,

and a verdict should be returned in this action for the amount demanded. An exception to this portion of the charge having been allowed, it is maintained that, E. F. Mullaney having signed the contract in question, defendants had the right to rely thereon, and to treat him as the principal; that they were at liberty to disregard any claim of ownership to the hay which plaintiff might insist upon, after the execution of the agreement; and that the judgment of the bank against Mullaney affords a complete bar to the maintenance of plaintiff's action. It must be admitted that defendants had a right of election, and could treat Mullaney as the principal, but only to the extent of requiring him to keep his engagements; and for any failure in this respect defendants had a remedy in damages. If plaintiff was the owner of the hay, and entitled to the money due therefor, and defendants had knowledge of this fact at the time they furnished the certificate of garnishment, we fail to see how they can escape liability to her by claiming that they were indebted to her husband. The plaintiff was not a party or privy to the action instituted by the First National Bank of Winnemucca against E. F. Mullaney, and since she cannot be deprived of her property without due process of law, in which she has had notice, and an opportunity to be heard, defendants cannot plead in bar of her action the judgment rendered against her husband, or any payments made on account thereof: *Lawrence* v. *Lane*, 4 Gilman, 354; *Cooper* v. *McClun*, 16 Ill. 435; *Wise* v. *Hilton*, 4 Me. 435; *Miller* v. *McClain*, 10 Yerg. 245; *Funkhouser* v. *How*, 24 Mo. 44; *Dobbins* v. *Hyde*, 37 Mo. 114; *Wilson* v. *Murphy*, 45 Mo. 409.

After the court had fully instructed the jury upon the questions of law applicable to the case at bar, it gave, at defendants' request, certain instructions which appear to

be somewhat in conflict with the other portions of the charge, in view of which their counsel contend that the jury, considering the charge as a whole, could not reconcile these incongruities, or reach an intelligent verdict from the instructions. But it will be observed that the incongruity results from the latter instructions, which were clearly not germane to the issue, but, being favorable to the defendants' contention, and given at their request, they are not in a position to complain of the inconsistency referred to. An examination of the evidence relied upon for that purpose fails to convince us that the court erred in refusing to render a judgment *non obstante veredicto*.

Defendants objected to other instructions given by the court on its own motion or at plaintiff's request, but, in view of what has been said herein, we deem the exceptions to be without merit. It follows that the judgment is affirmed.

AFFIRMED.

Decided at PENDLETON, August 13; rehearing denied Dec. 19, 1898.