[L. A. No. 4673.  Department Two.—March 10, 1919.]

## CHARLES I. WHITE, Appellant, v. E. H. KINCAID, Respondent.

[1] CONTRACT — DELIVERY OF LUMBER IN PAYMENT OF DEBT — AGREE-
MENT BETWEEN PARTNERSHIP AND CREDITOR—SUBSEQUENT INCOR-
PORATION OF PARTNERSHIP — LACK OF KNOWLEDGE OF CREDITOR —
LIABILITY FOR LUMBER—AGENCY.—Where a creditor of a partner-
ship operating a lumber-yard agreed to accept lumber in payment
of a firm debt to him, and without his knowledge the firm incor-
porated after he had received several deliveries extending over a
period of months, and the corporation was managed by the manager
of the partnership, such partners were the agents of the undisclosed
principal, the corporation, and where settlement was made with
them, the creditor is not liable to the corporation for the lumber.

[2] ID.—TRANSFER OF BUSINESS—WANT OF CHANGE OF POSSESSION—
VOID AS TO CREDITOR.—Under such circumstances, the transfer of
the lumber-yard business from the partnership to the corporation
was void as to the creditor for want of change of possession as
provided by section 3440 of the Civil Code, and the lumber, so far
as the creditor was concerned, still belonged to the partnership.

APPEAL from a judgment of the Superior Court of Los
Angeles County.  Wm. D. Dehy, Judge Presiding.  Affirmed.

The facts are stated in the opinion of the court.

Duke Stone for Appellant.

Haas & Dunnigan for Respondent.

WILBUR, J.—The plaintiff sued, as assignee of Clark
Brothers Lumber Company, a corporation, for lumber alleged
to have been sold by said corporation to the defendant.  Clark
Brothers, a copartnership, for more than twenty years had
transacted business with the defendant.  For three years pre-
vious to October 10, 1913, they had operated a lumber-yard in
Los Angeles.  In July, 1913, the copartnership owed the de-
fendant about six thousand dollars, evidenced by a promis-
sory note.  At that time it entered into an agreement with
the defendant to sell and deliver him lumber, and the defend-
ant agreed to credit the purchase price thereof on the promis-

sory note of the copartnership. The defendant procured lumber from time to time at the lumber-yard operated by the copartnership, and on October 14, 1914, a settlement was had whereby the sum of three thousand three hundred dollars was credited on said note. The controversy in this case arises over the fact that on October 10, 1913, a corporation was formed under the name and style of "Clark Brothers Lumber Company," with a capital stock of 750 shares. W. E. Clark, one of the Clark Brothers, held 459 shares, B. W. Clark, the other member of the copartnership, one share, and, in addition to these shares of stock, 21 shares were issued. W. E. Clark was president, B. W. Clark vice-president, and Robert P. Holmes manager. Robert P. Holmes was manager of the copartnership and continued to manage the same yard for the corporation. The lumber herein sued for was delivered to the defendant at the lumber-yard by Holmes. The defendant testified that he was never notified of any change in the management of the lumber-yard and that he continued to get lumber at the yard believing that the same was being delivered to him by the copartnership. Both of the Clark brothers testified that the lumber was delivered to the defendant with the understanding that it was to be charged to the copartnership, but was to be carried on the books of the corporation in the name of the defendant merely for convenience of the copartnership. The trial court found that the lumber was purchased by the defendant from Clark Brothers, a copartnership, and was paid for by giving credit upon the note due from the copartnership to the defendant, and that nothing was due from the defendant to the corporation. Respondent correctly claims that, upon the view most favorable to the appellant, Clark Brothers were the agents for the undisclosed principal, the corporation, and that having settled with the agent he is no longer liable to the principal; citing *Argenti* v. *Brannan*, 5 Cal. 351; *Eldridge* v. *Finninger*, 25 Okl. 28, [28 L. R. A. (N. S.) 227, 232, 105 Pac. 334]. Appellant's position, in part, is thus stated: "Suppose that Kincaid did not know he was dealing with the corporation, then this was due to the acts and conduct of Clark Brothers by leading him to believe that he was dealing with them, and his complaint should be against them and not against the corporation, whose property he received, used and made a part of his estate." In short, appellant's contention is that the respondent, having

received the property of the corporation, is bound by an implied contract to pay to it the value thereof.  [1]  But this contention overlooks the fact that under the circumstances, as to the defendant, who was a creditor of and also a purchaser from Clark Brothers, copartnership, the transfer from Clark Brothers, copartnership, to the corporation was void for lack of a change of possession, and that, therefore, as to the defendant, the lumber still belonged to the copartnership. "Every transfer of personal property . . . is conclusively presumed if made by a person having at the time the possession or control of the property, and not accompanied by an immediate delivery, and followed by an actual and continued change of possession of the things transferred, to be fraudulent, and therefore void, against those who are his creditors while he remains in possession, . . . and against purchasers or encumbrancers in good faith subsequent to the transfer." (Civ. Code, sec. 3440.)  [2]  Under the circumstances shown by the evidence there is no liability from the respondent to the corporation.  He was entitled to rely upon the fact that there had been no change of possession, and to assume that the deliveries to him were made by Clark Brothers, with whom he had contracted for the lumber.

The judgment is affirmed.

Lennon, J., and Melvin, J., concurred.