**HUNTSBERRY'S, Inc., a corporation,
Appellant,**

v.

**DU BONNET SHOE CO., Inc., a corporation,
Appellee.**

**No. 2164.**

Municipal Court of Appeals for the
District of Columbia.

Argued April 14, 1958.

Decided June 20, 1958.

Laidler B. Mackall, Washington, D. C., with whom Karl E. Bakke, Washington, D. C., was on the brief, for appellant.

Philip Shinberg, Washington, D. C., for appellee.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

QUINN, Associate Judge.

Appellant corporation, a retailer of shoes, has a branch store located in the District of Columbia. In June 1956, Mr. Huntsberry, its president, loaned $1,000 to one Jack Abowitz, the president and principal stockholder of Caughey Footwear, a corporation apparently engaged in the manufacture of shoes. Mr. Huntsberry was acquainted with Mr. Abowitz and had transacted business with him previously. It was agreed the loan was to be repaid in the form of merchandise produced by Mr. Abowitz's company. The money was given to Mr. Abowitz in the form of a check dated June 12, 1956, drawn against appellant's account, and made payable to him personally.

Prior to the date of this loan, Mr. Abowitz was having financial difficulties, and on June 1 he made an assignment of all the assets of Caughey Footwear for the benefit of his creditors. The assets were subsequently sold at a public auction. On June 27, 1956, a new and distinct corporation known as Caughey Shoe Company was formed, and on July 30, its name was changed, to DuBonnet Shoe Company, appellee herein. Mr. Abowitz owned no inter-

est in DuBonnet but was made its sales manager. At the auction DuBonnet purchased some of Caughey Footwear's machinery and it occupied the same premises formerly rented by Caughey Footwear.

In August 1956 Mr. Levy, a salesman who claimed to be representing Caughey Footwear, solicited an order for shoes from the manager of appellant's Washington branch store. Mr. Huntsberry authorized a purchase not to exceed $1,000, the amount he had loaned to Abowitz, and subsequently an order was placed for $978.34. The shoes which appellant received were packaged in boxes bearing the label "Caughey." The invoices accompanying the shipments were the statements generally used by Caughey Footwear, with the name "DuBonnet" superimposed by means of a rubber stamp. Mr. Huntsberry testified that he had no knowledge of the corporate changes that had taken place; that when he authorized the purchase in August he thought he was dealing with Abowitz and Abowitz's original company; and that his suspicions were not aroused by the altered invoices, both because the shoes bore the label "Caughey," and because corporate reorganization was common in the trade.

Appellant refused to pay DuBonnet's bill, whereupon DuBonnet brought this suit. Appellant attempted to set off the amount of its loan to Abowitz against DuBonnet's claim. At the conclusion of all the evidence, the trial judge, sitting without a jury, made the following oral finding:

"The Court finds from the testimony in this case that the defendant, even though he believed he was dealing with Jack Abowitz, was in law dealing with DuBonnet, Inc., therefore the finding is for the plaintiff in the sum claimed."

Judgment was entered on the finding from which this appeal was taken.

■ Appellant's position is that since the trial judge apparently found that it dealt with Abowitz as an agent for an undisclosed principal, he erred in not permitting the claimed setoff. It is a settled rule that if a party contracts with one, believing him to be a principal, whereas he is in fact the agent for an undisclosed principal, the party is entitled, if sued by the undisclosed principal, to assert any defenses which he could have relied upon had he been sued by the agent.[1] The evidence here showed, as the court found, that Levy held himself out as representing Abowitz's original corporation; that appellant believed it was dealing with Abowitz and thought it was ordering Abowitz's goods for which it had already paid. However, Abowitz was only an agent, actually selling not his own property but that of his undisclosed principal, DuBonnet, and consequently DuBonnet, if it wished to reap the advantages of the contract, must also bear the liabilities, which in this case consisted of appellant's right to set off the amount of its prior loan to Abowitz.[2]

DuBonnet contends that Abowitz could not be an agent for an undisclosed principal because at the time of the loan in June, it was not in existence. This point is of no significance because DuBonnet obviously was in existence when the contract of sale of the shoes was entered into in August, and it was this contract on which DuBonnet seeks to recover.[3]

■■ DuBonnet also attempts to sustain the judgment on the ground that appellant should have known of the existence of the agency. If the party dealing with the agent has notice of the agency, or of certain facts which should put him on inquiry with respect to it, so that with reasonable diligence he could ascertain it, he cannot assert defenses against the principal which would be good against the agent.[4] The court found that appellant did not have knowledge of

1. Annotation, 53 A.L.R. 414.
2. Id., at pages 417–419.
3. Cf. the discussion, id., at page 432. Cf. also, White v. Kincaid, 1919, 180 Cal. 135, 179 P. 685.
4. Id., at pages 442–443.

the agency, so the sole remaining question is whether it should have known of it. The only evidence in the case bearing on this point was the invoices attached to the shipments which contained DuBonnet's name stamped on them. Standing alone, the single circumstance is probably not sufficient notice when considered against the background of previous dealings between appellant and Abowitz as two principals, and appellant's explanation for its lack of curiosity upon seeing the invoices.[5] However, so far as we can determine, the trial judge did not pass on this essentially factual problem and accordingly we will remand the case for further consideration.

Reversed with instructions.